UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES TERRYLL WHITLEY,

    Petitioner,                                       Civil No. 2:07-CV-13199
                                                    HONORABLE VICTORIA A. ROBERTS
v.                                                UNITED STATES DISTRICT JUDGE

CHARLES EICHENLAUB,

    Respondent,
_____/

**<u>OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS</u>**

      James Terryll Whitley, ("petitioner"), presently confined at the Federal Correctional Institution in Milan, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his petition, filed *pro se*, Petitioner challenges the United States Parole Commission's decision to revoke his parole for violating a term of his parole for his 1976 conviction for armed bank robbery and attempted bank robbery out of the Eastern District of Michigan. For the reasons stated below, the petition for writ of habeas corpus is denied. The Court will also deny Petitioner's related motion for a preliminary injunction.

**I. Background**

      Petitioner was sentenced in 1976 to 35 years imprisonment for attempted armed bank robbery and armed bank robbery. Petitioner was initially paroled from his sentence on December 11, 1985, but was to remain under parole supervision until August 12, 2010.

      Petitioner's parole has been revoked on six separate occasions by the United States

1

Parole Commission.  Petitioner's current habeas petition involves a challenge to his most recent parole revocation.  Petitioner was reparoled on October 6, 2006 after having been returned to prison for his fifth parole revocation.

On October 24, 2006, U.S. Probation Officer (USPO) Troy Adamson informed the Parole Commission that Petitioner had admitted to using marijuana every day since his parole release and was not working.  On October 27, 2006, the Parole Commission issued a letter of reprimand, warning Petitioner that "continued disrespect and non-compliance with your conditions of release may result in your arrest and return to federal custody."  Petitioner claims that he did not actually receive this letter of reprimand until November 27, 2006, when Adamson gave him a copy of the letter.  Petitioner acknowledges in his petition, however, that he continued to use marijuana until November 26, 2006, when he claims that he was able to quit using marijuana with the help of a drug counselor.

On December 11, 2006, USPO Adamson notified the Parole Commission that Petitioner had continued to use illegal drugs even after the letter of reprimand had been issued.  Adamson also advised the Commission that although Petitioner claimed to have some part-time employment, he failed to provide proof of employment.  The Parole Commission issued a warrant charging Petitioner with using illegal drugs and failing to maintain regular employment.  Petitioner was arrested on December 21, 2006.

On January 5, 2007, Probation Officer Jay Hardy conducted a preliminary interview with Petitioner and found that there was probable cause to believe that Petitioner had violated the conditions of parole.  During this interview, Petitioner

admitted to using marijuana, but denied that he failed to maintain regular employment.

On March 8, 2007, a parole revocation hearing was conducted by a Parole Commission examiner. Although Petitioner changed his story and denied both charges, the hearing examiner found Petitioner guilty of using marijuana and failing to maintain regular employment. Although Petitioner had a reparole guidelines range of 12 to 16 months, the hearing examiner recommended that Petitioner serve 30 months because he was a poor risk based on his numerous parole revocations.

On March 27, 2007, the Parole Commission revoked Petitioner's parole again. Petitioner was ordered to be reparoled on June 20, 2009, after serving 30 months.

Petitioner appealed the Parole Commission's decision to the National Appeals Board. Petitioner contended that the Parole Commission "waived" its right to revoke his parole for drug use because it had already issued a letter of reprimand for those violations. Petitioner further argued that the Parole Commission erred in finding that he had failed to maintain regular employment.

On June 26, 2007, the National Appeals Board vacated the Commission's finding that Petitioner had failed to maintain regular employment and advanced his reparole date to May 20, 2008, after the service of 16 months, a decision that was within the reparole guidelines. The National Appeals Board, however, found no merit to Petitioner's claim that the Parole Commission's issuance of a letter of reprimand precluded it from considering his illegal drug use as a basis for revoking his parole.

Petitioner has now filed the instant petition, in which he challenges the Parole

Commission's decision to revoke his parole for the sixth time.

## II. Discussion

**A. The motion for a preliminary injunction.**

Petitioner has filed a Petition or motion for a preliminary injunction in this case.

When determining whether to issue a preliminary injunction in a habeas case, a district court should consider four questions: (1) whether the moving party is likely to succeed on the merits of the action; (2) whether the preliminary injunction would save the moving party from irreparable harm; (3) whether the preliminary injunction would harm others; and (4) whether the public interest would be served by the preliminary injunction. *See Puertas v. Michigan Dept. of Corrections,* 88 F. Supp. 2d 775, 779 (E.D. Mich. 2000)(collecting cases).

For the reasons discussed by the Court below, Petitioner has failed to show that he will succeed on the merits of his habeas claim. Accordingly, the motion for preliminary injunction [Dkt. # 2] is DENIED.

**B. The motion for the appointment of counsel.**

Petitioner has also requested the appointment of counsel to assist with his habeas case.

There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002)*; Lemeshko v. Wrona,* 325 F. Supp, 2d 778, 787 (E.D. Mich. 2004). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due

4

process so require. *Mira v. Marshall*, 806 F. 2d 636, 638 (6th Cir. 1986). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *Lemeshko,* 325 F. Supp. 2d at 787. If no evidentiary hearing is necessary, the appointment of counsel in a habeas case remains discretionary. *Id.*

Counsel may be appointed, in exceptional cases, for a prisoner appearing *pro se* in a habeas action. *Lemeshko*, 325 F. Supp. 2d at 788. The exceptional circumstances justifying the appointment of counsel to represent a prisoner acting *pro se* in a habeas action occur where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim. *Id.*

Petitioner has filed a twenty five page petition for writ of habeas corpus and a seventeen page traverse or reply brief which responds to the respondent's answer. Petitioner has cited to numerous cases, statutes, and regulations in these pleadings. Petitioner has also filed numerous exhibits with his petition. Petitioner has also filed several motions. Petitioner's claims are "sufficiently clear and coherently organized as to allow this Court to weigh the merits of his claims." *Lemeshko,* 325 F. Supp. 2d at 788. In light of the fact that none of these claims have any merit, petitioner is not entitled to the appointment of counsel. *Id.* The motion for the appointment of counsel [Dkt. # 3] is denied.

### C. The motion to amend the habeas petition.

On August 26, 2007, Petitioner filed a motion to amend his habeas petition. This

was prior to the respondent filing its answer on October 25, 2007. Petitioner does not wish to add any new claims to his petition, but seeks only to buttress the legal arguments for his claims with caselaw.

Notice and substantial prejudice to the opposing party are the critical factors in determining whether an amendment to a habeas petition should be granted. *Coe v. Bell*, 161 F.3d 320, 341-42 (6th Cir. 1998). Petitioner's proposed amended habeas petition alleges additional support for the claims that he raised in his original petition, was not the subject of undue delay, and would not unduly prejudice respondent. Accordingly, the motion to amend should be granted. *See Riley v. Taylor*, 62 F.3d 86, 92 (3rd Cir. 1995). Additionally, the motion to amend will be granted, because Petitioner has filed this motion to amend the petition before the Court has adjudicated the issues in the petition. *See Stewart v. Angelone*, 186 F.R.D. 342, 343 (E.D. Va. 1999).

**D. The habeas petition.**

Petitioner seeks habeas relief on the ground that his parole was improperly revoked by the Parole Commission.

Generally, judicial review of a parole revocation decision is limited to a determination of whether the Parole Commission abused its discretion. *See Taylor v. United States Parole Comm'n*, 734 F.2d 1152, 1155 (6th Cir. 1984). An abuse of discretion has occurred when the reviewing court has a definite and firm conviction that a clear error of judgment has been made. *Id.* Essentially, a rational basis for the Parole Commission's decision must exist. *Hackett v. United States Parole Comm'n*, 851 F.2d

127, 129 (6th Cir. 1987). Credibility determinations and findings of fact made by the Commission are insulated from judicial review. *Farkas v. United States*, 744 F.2d 37, 38-39 (6th Cir. 1984).

Petitioner initially claims that the Parole Commission waived its right to revoke his parole for using marijuana because it had already decided to issue a letter of reprimand for this violation. Petitioner's claim is without merit.

The Parole Commission has broad discretion to take action when it receives information concerning a parolee's violation of the conditions of his or her release. The Parole Commission may issue a warrant or summon the parolee to a hearing. *See* 18 U.S.C. § 4213(a). However, the Parole Commission has the authorization to withhold issuance of a warrant until the "frequency or seriousness of the violations, in the opinion of the Commission, requires such issuance." *See Meador v. Knowles*, 990 F. 2d 503, 506 (9th Cir. 1993). If the Parole Commission determines that the frequency or seriousness of the parole violations justifies the issuance of a warrant and the parolee is returned to custody on that warrant, the parolee has the right to a preliminary hearing to determine if there is probable cause to believe he or she violated the conditions of parole. 18 U.S.C. § 4214(a)(1)(A). If there is a positive finding as to probable cause and a continuation of revocation proceedings is warranted, the parolee receives a revocation hearing. 18 U.S.C. § 4214(a)(1)(A)(I).

If the Parole Commission determines, after conducting the revocation hearing, that the parolee has violated a condition of parole, it may take any of the following actions:

7

(1) restore the parolee to supervision;
(2) reprimand the parolee;
(3) modify the parolee's conditions of the parole;
(4) refer the parolee to a residential community treatment center for all or part of the remainder of his original sentence; or
(5) formally revoke parole or release as if on parole.

18 U.S.C. § 4214(d); *See also Bennett v. Bogan,* 66 F. 3d 812, 815 (6th Cir. 1995).

The Parole Commission's regulations have incorporated the language of this statute. See 28 C.F.R. § 2.52(a).

Nothing in the language of 18 U.S.C. § 4214(d) or 28 C.F.R. § 2.52(a) precludes the Parole Commission from revoking parole after previously deciding to continue a parolee on supervision and issuing a letter of reprimand for the same violation of parole. The Sixth Circuit, in fact, has held that "[t]he [Parole] Commission has some limited discretion to act on a warrant outside the strict language of 18 U.S.C. § 4214(d)." *Bennett,* 66 F. 3d at 817-18 (holding that the Parole Commission did not exceed its statutory authority or deprive the parolee of due process by conditionally withdrawing an executed parole violator warrant and later executing another warrant based largely on the same conduct).

Indeed, the existing case law supports Respondent's position that the Parole Commission was well within its power to revoke Petitioner's parole based upon his marijuana use, even though it had previously issued him a letter of reprimand for the same parole violation. *See Meador,* 990 at 505-06 (Parole Commission could subsequently revoke petitioner's parole based in part on a DUI conviction for which

petitioner had initially received a letter of reprimand); *See also LaChance v. Reno,* 824 F. Supp. 29, 33-34 (S.D.N.Y. 1993); *aff'd* 13 F. 3d 586 (2nd Cir. 1994)(letter of reprimand given federal parolee for his 1988 conviction for careless driving was not misleading, and thus did not bar Parole Commission from later revoking parolee's parole based upon that conviction, where letter did not suggest that conviction would never be considered in future); *Yearwood v. Nickels,* No. 1999 WL 359909, * 9 (D. Kan. May 6, 1999)(habeas petitioner's claim that the Army Clemency and Parole Board "had no authority to revoke his parole after issuing a letter of reprimand on the same charge is not supported by any legal authority").

Moreover, the fact that Petitioner was referred by his parole officer to a drug treatment program after Petitioner had admitted his drug usage to him would not estop the Parole Commission from subsequently revoking Petitioner's parole either. *See Stinchfield v. Menifee,* 119 F. Supp. 2d 381, 385-86 (S.D.N.Y. 2000)(revocation of prisoner's parole by Parole Commission based on prisoner's prior drug use and driving under the influence did not violate due process, though such behavior had been the subject of a previous sanction by the parole authorities that led to prisoner's participation in a drug rehabilitation program); *Lewis v. District of Columbia Bd. of Parole*, 788 F. Supp. 14, 15-16 (D.D.C. 1992)(despite parolee's contention that parole board had unwritten policy not to revoke parole upon first violation of parole condition that parolee remain drug free, revocation of parole based upon parolee's first positive test for PCP did not violate his due process rights even though, prior to revoking parole, board had indicated that parolee

would be placed on 60-day probationary period followed by continued supervision); *Cf. U.S. v. Ortiz,* 185 Fed. Appx. 651, 653 (9th Cir. 2006)(Defendant's attending a drug counseling program, as required by a probation officer, did not preclude revocation of his supervised release based on two independent violations).

Finally, the mere fact that Petitioner may not have received a copy of the letter of reprimand until November 27, 2006 would not excuse the violation of his parole. Petitioner received a certificate of parole at the time that he was released from prison which listed the conditions of parole, including the condition that he refrain from the use of illegal drugs. Although 18 U.S.C. § 4209(b) requires that a "parolee shall be given a certificate setting forth the conditions of his parole," this statute does not require that a parolee be warned of the ramifications of violating parole. *See Chilcote v. Bureau of Prisons*, 874 F. Supp. 229, 231 (N.D. Ind. 1994). Petitioner's Certificate of Parole included a condition (Condition # 8) that Petitioner was not to violate any law. The Certificate of Parole also contained a condition (Condition # 10) that Petitioner not use or possess any illegal controlled substance. Because using marijuana is clearly illegal, Petitioner knowingly violated two conditions of his parole. *Id.* It was thus unnecessary for Petitioner to receive advance notice of any reprimand.

Petitioner further claims that the Parole Commission erred in revoking his parole for failing to maintain employment. However, the National Appeals Board vacated this finding on appeal. This portion of Petitioner's claim has therefore been rendered moot by the Appeals Board's dismissal of this charge. *See Fama v. U.S. Parole Com'n,* No. 1995

WL 87234, * 1 (E.D.N.Y. February 21, 1995).

Accordingly, the Court will dismiss the Petition for Writ of Habeas Corpus. Because a certificate of appealability is not needed to appeal the dismissal of a habeas petition filed under § 2241, *See Witham v. United States*, 355 F. 3d 501, 504 (6th Cir. 2004), Petitioner need not apply for one with this Court or the Sixth Circuit before seeking to appeal this decision.

### III.  ORDER

IT IS ORDERED that the Petition for Writ of Habeas Corpus is **DENIED.**

IT IS FURTHER ORDERED That the Petition for Preliminary Injunction [Dkt. Entry # 2] is **DENIED.**

IT IS FURTHER ORDERED that the motion for the appointment of counsel [Dkt. Entry # 3] is **DENIED**.

IT IS FURTHER ORDERED that the motion to amend the habeas petition [Dkt. Entry # 9] is **GRANTED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  December 13, 2007

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on December 13, 2007.

s/Carol A. Pinegar
Deputy Clerk